UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

MONTREAL, MAINE & ATLANTIC CANADA CO.,

Foreign Applicant in Foreign Proceeding.

Chapter 15
Case No. 15- 20518

### ORDER GRANTING RECOGNITION AND RELATED RELIEF

This matter having been brought before the Court by Richter Advisory Group Inc., the court-appointed monitor (the "Monitor") and authorized foreign representative of Montreal, Maine & Atlantic Canada Co. ("MMA Canada") in a proceeding (the "Canadian Proceeding") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (the "CCAA"), as amended, pending before the Québec Superior Court of Justice (Commercial Division) (the "Québec Court"), to consider the *Verified Petition for Recognition of Foreign Proceeding and Related Relief*, which was filed on July 20, 2015 on behalf of MMA Canada (the "Chapter 15 Petition"), commencing the above-captioned chapter 15 case (the "Chapter 15 Case") pursuant to sections 1504, 1515 and 1517 of title 11 of the United States Code (the "Bankruptcy Code"), and seeking enforcement pursuant to sections 1504, 1515, 1516, 1517, and 1520 of the Bankruptcy Code of the Initial Order dated August 8, 2013 of the Québec Court (the "Initial Order"); and sufficient notice of the Chapter 15 Petition having been given; and the Court having reviewed and considered the pleadings and exhibits submitted by the Monitor in support of the Chapter 15 Petition; and objections to the Chapter 15 Petition, if any, having been resolved or overruled; and after due deliberation and sufficient cause appearing therefore; the Court hereby **FINDS** and **CONCLUDES** as follows:

8285006_1.DOCX

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

    C.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1410.

    D.    The Monitor is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of MMA Canada within the meaning of section 101(24) of the Bankruptcy Code.

    E.    The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

    F.    The Chapter 15 Petition meets the requirements of section 1515 of the Bankruptcy Code.

    G.    The Canadian Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

    H.    The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

    I.    The Canadian Proceeding is pending in Canada, which is the location of MMA Canada's center of main interests, and as such, constitutes a foreign main proceeding pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

    J.    The Monitor is entitled to all the relief provided by section 1520 of the Bankruptcy Code without limitation.

    K.    The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and will

not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

L.   The interest of the public will be served by this Court granting the relief requested by the Monitor.

NOW, THEREFORE, IT IS HEREBY **ORDERED**, **ADJUDGED**, AND **DECREED** AS FOLLOWS:

1.   The form and manner of notice of the Verified Petition and the notice of hearing on the Verified Petition described therein is adequate and sufficient, and is hereby approved.

2.   The Canadian Proceeding is hereby recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3.   All provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case, including, without limitation, the stay under section 362 and the provisions of section 363 of the Bankruptcy Code throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court.

4.   The Initial Order (and any amendments or extensions thereto as may be granted from time to time by the Québec Court) are hereby given full force and effect in the United States.

5.   This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by any entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

6. The Chapter 15 Petition and related papers shall be made available by the Monitor through its website at http://www.richter.ca/en/folder/insolvency-cases/m/montreal-maine-and-atlantic-canada-co , or upon request at the offices of Richter Advisory Group Inc./Richter Groupe Conseil Inc., 1981 McGill College Avenue, 12th Floor, Montréal, Québec, to the attention of Andrew Adessky, CPA, CA, MBA, CIRP, aadessky@richter.ca, (514) 934-3513.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: August 20, 2015           /s/ Peter G. Cary
                                 The Honorable Peter G. Cary
                                 United States Bankruptcy Judge

8285006_1.DOCX
8285006_1